## No. 14,468.

Ramey *v.* Gent.

The Craig Lumber Company et al., Interveners.

(86 P. [2d] 1083)

Decided January 9, 1939.    Rehearing denied January 30, 1939.

Mr. E. G. Vanatta, for plaintiff in error.

Mr. J. F. Meador, for defendant in error and intervenors.

*En Banc.*

Mr. Justice Francis E. Bouck delivered the opinion of the court.

The district court judgment under review ordered specific performance of certain contracts for the sale and purchase of two parcels of land, ordered dismissal of the case as to another parcel, and provided for the satisfaction of judgments which were claimed to be liens.

On June 1, 1937, the plaintiff in error, Ethel Ramey, and the defendant in error, L. Elton Gent, entered into three contracts, each for the purchase of a parcel of land. Title to parcel 1 and parcel 2 stood in Mrs. Ramey's name; title to parcel 3 was in Robert C. Ramey, her son.

The trial court found from the evidence that Mrs. Ramey did not possess proper and legal authority from her son to contract in regard to his land (parcel 3), and he declined to ratify that contract, preferring to convey the land to another party. This, under the circumstances, the son had a right to do, and the trial court properly so found and adjudged. This part of the court's judgment must be affirmed.

The contract relating to the sale and purchase of parcel 1 was expressly made contingent upon the purchaser's buying parcels 2 and 3, as well as upon the con-

dition that the title be approved. Parcel 2's purchase was similarly made contingent upon the purchase of parcel 1 and parcel 3. Likewise the contract involving parcel 3 purported to be made contingent upon the purchaser's buying the other two parcels.

Inasmuch as parcel 3 was not, and could not be, purchased by Gent, as provided in the unauthorized contract, the contracts for parcels 1 and 2 could not be enforced, even though all other terms and conditions had been duly observed and performed. The trial court was therefore in error when it decreed a partial specific performance as it did. The contract on parcel 1, like the contract on parcel 2, was nullified by the non-happening of the prescribed contingency. It is immaterial whether the trial court was right in deciding that Gent's attorney was justified in not approving the title as shown, though it did seem that there was sufficient evidence to support that finding.

That part of the judgment which dismisses as to parcel 3 is affirmed, and that part which decrees specific performance as to parcels 1 and 2 is reversed and the case is remanded with directions to dismiss as to parcels 1 and 2 also. The intervention of the two judgment creditors of Mrs. Ramey falls with the main case; hence neither their rights, if any, nor the merits of Mrs. Ramey's claim of homestead exemption as against those judgment creditors, can be adjudicated herein. Of course Gent will be entitled to demand and recover from Mrs. Ramey the three $100 cash payments which he made at the time of signing the contracts.

Judgment affirmed in part, and reversed in part, with directions.

MR. JUSTICE HOLLAND not participating.